UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                              CASE NO. 2:11-cr-7

v.

                              HON. ROBERT HOLMES BELL

JAMES RICHARD VANDERWEELE,

    Defendant.
_____/

**<u>ORDER ADOPTING IN PART REPORT AND RECOMMENDATION
AND REMANDING FOR FURTHER DETERMINATION</u>**

On December 7, 2011, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendant James Richard Vanderweele's motion to suppress evidence be denied on his request to suppress the search warrant, denied as to statements made to Special Agent Petschke, and granted as to any statements made to Escanaba Public Safety Officer Savoy from the time defendant was placed in handcuffs until the time when he was given *Miranda* warnings outside of his home. (Dkt. No. 29.) This matter is before the Court on Defendant's objections to the R&R. (Dkt. No. 46).

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380

(6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Defendant objects to the Magistrate Judge's finding that the search warrant issued to search his residence was supported by probable cause. Defendant argues that information regarding a silencer seen in Defendant's possession at a "clubhouse" five months prior to issuance of the warrant was stale, and that there was no nexus between the silencer seen at the clubhouse and the search of defendant's residence.

After reviewing the record, the Court agrees with the Magistrate Judge's finding that the search warrant was supported by probable cause. For the reasons developed more fully in the R&R, there was a fair probably that Defendant was in possession of a silencer after five months, and that his permanent residence was the likely location of the contraband. Accordingly, Defendant's objections to the admission of statements made and items seized on the bases of an invalid search warrant will be overruled.

Defendant also objects to the Magistrate Judge's failure to address his argument that statements made during the course of the search were products of coercion. Defendant maintains that, regardless of whether his *Miranda* rights were read,[1] his statements to Special Agent Petschke should be suppressed because Petschke took objectively coercive action to elicit the statements. (Dkt. No. 46 at ¶¶ 2-4.)

---

[1] Defendant does not object to the Magistrate Judge's finding that Defendant was read his *Miranda* rights when he arrived at his residence.

Whether through oversight or for other reason, the R&R does not address Defendant's coercion argument. In the interest of justice and completeness, this matter will be remanded to the Magistrate Judge for resolution of that unanswered ground for suppression. The Court concurs, however, with the findings and recommendations presented in the R&R, and will adopt the Magistrate Judge's recommendations in all other respects. Accordingly,

**IT IS HEREBY ORDERED THAT** Defendant's objection to the R&R (Dkt. No. 46) is **OVERRULED** in part and **SUSTAINED** in part. To the extent that Defendant objects to the R&R's finding of probable cause in support of the search warrant, the objection is **OVERRULED**. Defendant's objection that the R&R fails to address his argument that statements made to Officer Petschke were coerced is **SUSTAINED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Magistrate Judge for consideration of Defendant's argument that statements made to Officer Petschke were coerced.

**IT IS FURTHER ORDERED** that, in all other respects, the December 7, 2011, R&R (Dkt. No. 44) is **APPROVED** and **ADOPTED** as the opinion of the Court.

Dated: January 24, 2012            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE